UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
          Plaintiff,

Case No. 1:20-cr-183-RJJ

Hon. Robert J. Jonker
Chief United States District Judge

v.

**BRIEF IN SUPPORT OF
MOTION TO REVOKE
DETENTION ORDER**

**BARRY CROFT,**
          Defendant.
_____/

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO REVOKE
DETENTION ORDER OR ALTERNATIVELY TO COMPEL MR. CROFT'S
APPEARANCE WITHIN THE DISTRICT**

**STATEMENT OF FACTS**

Mr. Croft is charged with one count of conspiracy to commit kidnapping, contrary to 18 USC §1201(c). Indictment, ECF No. 86, PageID.573-578. Mr. Croft was arrested on October 7, 2020 in Swedesboro, New Jersey. *See* Docket Entry, October 7, 2020.

Mr. Croft made an initial appearance in the District of Delaware on October 8, 2020. The government sought Mr. Croft's detention. Motion for Detention, *United States v Croft,* 20-mj-252, D. Del., ECF No. 4, PageID.23-25. Mr. Croft waived his right to a detention hearing in the District of Delaware and requested it be held in this District. *Id.* at ECF No. 7, PageID.20. The Magistrate Judge orally ordered Mr.

1

Croft be temporarily detained and committed him to this District on October 13, 2020 where he was ordered to have a detention hearing. Commitment, *Id.* at ECF No. 9, PageID.22. The Magistrate Judge in the District of Delaware noted that Mr. Croft was requesting court-appointed counsel in this case. *Id.*

Undersigned counsel was appointed by Magistrate Judge Berens on December 8, 2020. At the time of counsel's appointment, the BOP Inmate Locator[1] represented that Mr. Croft was at FDC Philadelphia. Counsel promptly scheduled a telephone conference with Mr. Croft, but the facility stated it could not schedule a call before December 17, 2020 so a call was scheduled for that morning with the agreement that the facility would initiate the call to counsel.

FDC Philadelphia did not initiate a phone call as agreed on December 17, 2020. On the afternoon of December 18, 2020, counsel was finally able to conduct a telephone conference with Mr. Croft and confirmed that he is still at FDC Philadelphia. Mr. Croft assured counsel that he would promptly appear within the District if the court revokes the detention order presently in place.

Counsel spoke to AUSA Nils Kessler who reported that the delay was attributable to COVID-related issues at FDC Philadelphia and Mr. Croft is on a "priority list" for transport, but that there is no estimated time of arrival in the District. As of filing, Mr. Croft has been detained in another district for 72 days with no indication that the government has the ability to produce him within this district.

**LAW AND ARGUMENT**

---

[1] https://www.bop.gov/inmateloc/

I.     STANDARD OF REVIEW

Where a person is ordered detained, that person may petition the court having original jurisdiction over the offense to revoke the detention order. 18 U.S.C. § 3145(b). Such motions "shall be determined promptly". *Id*. Because this Court must make an independent review of the magistrate judge's determination, the appropriate standard of review is *de novo. United States v. Martinez*, 1:12-CR-210, 2012 WL 4815018, at *1 (W.D. Mich. Oct. 10, 2012), citing *United States v. Williams,* 948 F.Supp. 692, 693 (E.D.Mich.1996); *United States v. King,* 849 F.2d 485, 490 (11th Cir.1988).

II.    **MR. CROFT SHOULD BE RELEASED PENDING TRIAL DUE TO THE UNREASONABLE DELAY IN BRINGING HIM TO THIS DISTRICT.**

One of the reasons cited by the government in its detention motion was that Mr. Croft needed to be detained to assure his appearance. Motion for Detention, *United States v Croft,* 20-mj-252, D. Del., ECF No. 4, PageID.24. Ironically, the detention has prevented Mr. Croft from appearing in this district because the government has detained him in the Eastern District of Philadelphia for 72 days since his arrest.

The Speedy Trial Act contemplates that movement of prisoners between districts shall occur promptly. *See* 18 USC §3161(h)(1)(f) (establishing presumption that delay in excess of 10 days for transport between districts is unreasonable). The unreasonable delay of more than two months in bringing Mr. Croft to this district is frustrating Mr. Croft's ability to defend these charges.

Pretrial release decisions are governed by 18 U.S.C. § 3142. This Court shall order the "release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142.

If the Court determines that release on personal recognizance is inappropriate, it must release the defendant subject to the least restrictive conditions or combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." 18 U.S.C. § 3142(c)(1)(B).

Because the government has been unable to bring Mr. Croft to this District in a timely manner, the Court should revoke the detention order sought by the government and schedule an appearance date in this District for Mr. Croft to be arraigned on the indictment or alternatively order the government to produce Mr. Croft before a judicial officer of this District within 7 days.

                                      Respectfully Submitted,
                                      **BLANCHARD LAW**

Dated: December 18, 2020         <u>/s/ Joshua A. Blanchard</u>
                                      Joshua Blanchard
                                      Attorney for Defendant
                                      309 S. Lafayette St., Ste. 208
                                      Greenville, MI 48838
                                      616-773-2945
                                      josh@blanchard.law

## CERTIFICATE REGARDING WORD COUNT
## PURSUANT TO LCrR 47.2(b)(ii)

Pursuant to LCrR 47.2(b)(ii), I certify that this brief contains 928 words as calculated by Microsoft Word for Office 365, excluding those words contained within this certificate.

Dated: December 18, 2020         <u>/s/ Joshua A. Blanchard</u>
                                      Joshua Blanchard