UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 1:20-cr-183

        vs.                            Hon. Robert J. Jonker
                                            Chief United States District Judge

BARRY GORDON CROFT, JR.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REVOCATION OF DETENTION ORDER**

The government opposes the defendant's motion for release from detention. The defendant provides no authority for the proposition that release from pretrial detention is an authorized remedy for pre-indictment delay in transporting him from the district of arrest. His alternative proposed remedy (an order to produce him in this district within 7 days) would be pointless, as the responsible agencies are already making diligent efforts to safely produce him.

FACTS

1.      On October 7, 2020, FBI agents arrested the defendant for conspiring to kidnap the Governor of Michigan. (R. 43-1: Rule 5 Transfer Docket, PageID.565.) He was promptly presented to a magistrate judge in the District of Delaware, and appointed CJA counsel. (*Id*.) On October 13, 2020, Croft waived the opportunity for a detention hearing in Delaware. (*Id*, PageID.566.) The District of Delaware ordered Croft committed to the Western District of Michigan the same day. (*Id*.)

2.      On October 15, 2020, the U.S. Marshal's Service initiated Croft's transfer from the Philadelphia Federal Detention Center to the Newaygo County Jail. (Attachment 1: USMS

Form 106.) Pursuant to Croft's inquiry, the undersigned consulted with the U.S. Marshal regarding the status of Croft's transfer. The Marshal advised all transfers from the Philadelphia FDC had been temporarily postponed in order to prevent the transmission of COVID-19 within the federal prison population. That restriction has reportedly been lifted, and the FDC is making every effort to process the backlog of pretrial detainees scheduled for appearance in Philadelphia or transportation to other districts. The Marshal further advised that the Philadelphia FDC has the ability to schedule arraignments or other court hearings by video link upon request by the court.

3. Between October 13-16, 2020, this Court conducted preliminary examinations and detention hearings for Croft's five co-conspirators. (R. 35-50: Minutes of Hearings and Orders of Detention.) Evidence adduced at those hearings established that Croft conspired with the other defendants to kidnap the Governor (R. 54: Prelim. Hr'g TR, Vol. II, PageID.339), brought materials for an improvised explosive device to a training exercise (R. 39: Prelim. Hr'g. TR, Vol. I, PageID.144), participated in the nighttime surveillance of the Governor's home (*Id*, PageID.146), stopped to inspect a bridge along the way that he planned to bomb (*Id*, PageID.152), and detonated a second test bomb with shrapnel for use in the plot. (*Id*, PageID.320, 372.)

4. One of Croft's co-defendants, who was neither a leader in the conspiracy nor implicated in bomb making, appealed his detention order. (R. 39: Prelim. Hr'g. TR, Vol. I, PageID.193; R. 57: Appeal.) This Court affirmed, agreeing that clear and convincing evidence established his release would nonetheless pose a danger to the community. (R. 74: Order, PageID.539.)

5. On December 16, 2020, a grand jury in this district returned an indictment charging Croft and his co-defendants with conspiracy to kidnap the Governor, in violation of 18 U.S.C. § 1201(c). (R. 86: Indictment). No trial date has yet been set.

## LAW AND ARGUMENT

Croft cites the Speedy Trial Act for the proposition that delays of over ten days in transporting a defendant from another district are presumptively unreasonable. (R. 109: Def's Br., PageID.620.) The provision Croft cites deals with the excludability of transportation delays from the requirement that a defendant be brought to trial within 70 days of indictment or appearance in the charging district, whichever occurs later. (18 U.S.C. §§ 3161(c)(1), 3161(h)(1)(F)). Croft was indicted less than two weeks ago, and has yet to appear in this district on the charge. Since his speedy trial clock has yet to begin, his § 3161 argument is premature. Even if it were ripe, courts have acknowledged the extraordinary challenges presented by the COVID-19 pandemic in this context. *See, e.g. United States v. Durbesula*, No. 1:20-cr-00090-MR-WCM, 2020 U.S. Dist. LEXIS 208637, at *12-13 (W.D.N.C. Nov. 8, 2020) (ten day presumption is "based on ordinary circumstances," and "overcome by the need for local detention facilities to account for quarantines.")

Croft correctly notes that "one of the reasons" the District of Delaware cited in support of its motion to detain him was the need to assure his appearance at trial. (R. 109: Def's Br., PageID.620). He conveniently omits that the District of Delaware also cited the need to protect the safety of any other person or the community. (D. Del. Case 1:20-mj-00252, R. 4: Motion for Detention Hearing, PageID.24.) As this Court knows from the preliminary examinations and detention hearings of his co-defendants, Croft was one of the ringleaders of a violent plot to kidnap the Governor of Michigan. Moreover, he was the prime mover behind the group's

3

construction, testing and detonation of weapons of mass destruction. (18 U.S.C. § 2332a(c)(2)(A)).

Croft cites no authority for the proposition that release from pretrial detention is an appropriate, or authorized, remedy for pre-indictment transportation delays. He also fails to establish any real prejudice resulting from his delay. Given the detention of the co-defendants, and the rejection of a less-culpable co-defendant's appeal, it is implausible to assume that Croft would have been released on bond if he had been transported here sooner.

Croft's first proposed remedy, the immediate release of a violent extremist, is unsupported and unreasonable. In the alternative, he proposes this Court issue an order compelling his production within 7 days. (R. 109: Def's Br., PageID.621.) Such an order supposes without evidence that the authorities responsible have been dilatory. On the contrary, the U.S. Marshal initiated Croft's transport immediately after the District of Delaware committed him to this District. The Bureau of Prisons has also made strenuous efforts to avoid infecting the vulnerable prison population with a potentially fatal disease. There is nothing in the record to suggest BOP is not working diligently to transport Croft, one of many similarly situated defendants already under court orders for transportation. The defendant's proposed "seven-day order" would do little besides lash an agency already doing its best to accommodate Croft's transfer during an unprecedented public health emergency.

WHEREFORE, the government requests the Court deny the defendant's motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: December 27, 2020         /s/ *Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404