UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
      Plaintiff,    Case No. 1:20-cr-00183-RJJ

               Hon. Robert J. Jonker
               Chief United States District Judge
v.


**BARRY CROFT,**
      Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION FOR EARLY DESIGNATION OF WITNESSES AND EXHIBITS**

**STATEMENT OF FACTS**

The discovery in this case is voluminous. The government has made three productions to date totaling multiple terabytes in size. The Bates stamps number over 140,000 and are spread across approximately 23,000 electronic files. There are hundreds of hours of recordings. On June 8, the government's lawyer stated that a fourth discovery dump was coming but it has not arrived and the government will not state when it is anticipated.

During an apparent strategy session with a confidential human source ("CHS") who had expressed concern about his identity being disclosed in the discovery, the lead case agent, Henrik Impola, explained that "having done this with a lot of sources, we can cloud the water. And it can be completely – we can

1

send everybody into disarray and chaos where the last thing they're worried about is [CHS's name]. Like that's a thing, right? It becomes a question of is it worth it? Do we want to do that, right?" Audio tape: CHS Questioning by Special Agents Henrik Impola, Jayson Chambers, and Corey Baumgartner at 38:26 (December 10, 2020) (on file with author)[1].

Later during the session, Agent Impola again explains the "best chance is to create utter confusion and chaos" by having an over-inclusive witness. *Id*. at 2:07:00. Another agent explains that while they must turn over all the evidence, "we don't have to tell anybody which part is important or not." *Id*. at 2:06:11. Impola also told the CHS that the defense counsel in this case were "paid liars" whose job was to "take the truth and portray it in a different sense". *Id*. at 58:15.

Based on counsel's review of the MD5 hash values in the discovery produced so far, there were at least 5,028 files produced twice or more but with different Bates numbers. Some identical files were produced as many as 16 times[2]. One 40-minute audio recording was produced 15 times with 15 different file names.

---

[1] Counsel attempted to attach these recordings as audio files embedded in PDF exhibits, but it appears that the District's CM/ECF system strictly enforces PDF/A-1A standards which prohibit audio files from being embedded in PDFs.

[2] For example, the file which hashes as B9CFB53EC81982071F80B71DC8DCB16A appears to have been produced 16 times with 16 different file names and bates numbers. The file which hashes as 125387F58975D5351A485ABCCEE59C5A was produced 14 times with 14 different file names and bates numbers.

Of note, these statistics only capture files which are cryptographically identical and not those which are the same content in different file formats which appears to have

Presently, the Court has ordered that the parties mark exhibits for identification prior to the final pretrial conference on September 23, 2021. *Order Setting Trial,* ECF No. 136 PageID.720 at ¶5; EOJ Order, ECF No. 161, PageID.862.

## LAW AND ARGUMENT

Counsel has no evidence that Agent Impola's stated intention to create "chaos and disarray" amongst the defense attorneys and "cloud the water" is harbored by counsel for the government. However, it appears that his behavior has infected the discovery produced by the government as demonstrated by the disorganized and highly duplicative way it was produced.

The Federal Rules of Criminal Procedure "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2.

Under Rule 16, "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Perkins,* 994 F.2d 1184, 1190 (6th Cir.), *cert. denied,* 510 U.S. 903, 114 S.Ct. 279, 126 L.Ed.2d 230 (1993). However, the district court has discretion to order production of a witness list. *U.S. v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980), *but c.f. United States v Presser,* 844 F.2d 1275, 1285, n12 (6th Cir. 1988) (holding that Rule 16 provides no

---

resulted in a significant underestimation of the amount of "chaos and disarray" created by the duplication.

3

authority for compelling the government to disclose *Brady* material or any other evidence not required by the rule pretrial but suggesting the court may have "some inherent power" to compel disclosure of specific evidence when justice requires it).

The Court clearly has authority to order the exchange of trial exhibits and has already ordered the parties to mark exhibits prior to the final pretrial conference. *Order Setting Trial,* ECF No. 136 PageID.720 at ¶5.

It is unclear why the government did not de-duplicate the discovery before producing it so that the parties could have one set of the relevant documents and Bates stamps to reference. Regardless of the reason, the reality faced by counsel is that because the waters have become "clouded" and the discovery is in "chaos and disarray" as Agent Impola assured the CHS, additional time will be needed to sort through the government's exhibits when produced. Similarly, because the agent's view is that he doesn't need to tell the defense "which part [of the discovery] is important or not" counsel requires an identification of the witnesses to be called (and their proposed order) so that the duplicative discovery can be culled once is it known which Bates stamped version of each document or recording the government intends to use, so the *Brady* material can be separated for effective use, and so the parties can efficiently use the jury's time during trial.

**WHEREFORE** the defendant, Barry Gordon Croft, Jr., respectfully requests this Court enter an order requiring the government to produce an exhibit and witness list, including the order in which witnesses will be called, not less than 30 days before the final pretrial conference.

|  |  |
|---|---|
|  | Respectfully submitted: |
| Dated: July 11, 2021 | /s/ Joshua A. Blanchard<br>Joshua A. Blanchard<br>Attorney for Barry Gordon Croft, Jr.<br>BLANCHARD LAW<br>309 S. Lafayette St., Ste. 208<br>Greenville, MI 48838<br>616-773-2945<br>josh@blanchard.law |