UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
       Plaintiff,    Case No. 1:20-cr-00183-RJJ

                Hon. Robert J. Jonker
                Chief United States District Judge

v.

**BARRY CROFT,**
       Defendant.
_____/

# BRIEF IN SUPPORT OF MOTION TO SUPPRESS

## STATEMENT OF FACTS

On October 6, 2020, a Magistrate Judge sitting in the District of Delaware authorized a search warrant for Mr. Croft's residence. *In the Matter of the Search of 511 Daniels Court, Bear, Delaware 19701,* 20-250-M, D.Del., Ex. A.

The warrant authorized the seizing of items described in 17 distinct paragraphs. *Id.* Of those, 8 paragraphs (¶1-7, 13) related to weapons, explosives, firearms, ammunition, or tactical gear, and books, records, or photographs pertaining to the same. Paragraph 8 is devoted to illegal drugs. Paragraph 9 purports to allow seizing "any and all materials" but then narrows that to "literature, paraphernalia, clothing, or membership in organizations such as 'Bugaloo Boys' and 'Three Percenters'". Paragraph 10 authorized the seizing of storage facility records. Paragraph 11 authorized the taking of diaries, appointment

1

books, calendars, maps, phone numbers, and addresses. Paragraph 12 authorized taking hotel records. Paragraphs 14-17 authorized seizing computer-related evidence.

As relevant to this motion, the government engaged in a wide-ranging search and seized voluminous personal items, records, and documents not authorized by the warrant, including an alleged paper "cipher" which resembles something a child could have created. *See* Return and Tabulation, Ex. B (apparently listing "cipher" as "paperwork" [1]); "Cipher", Ex. C. In addition to the "cipher", without authorization they also took Mr. Croft's children's school photos, his boots, a license plate, United States Currency, a certificate of service for legal documents, copies of correspondence between Mr. Croft and his Delaware attorney, two checks payable to Mr. Croft totaling $4,000, a Mastercard, a Visa debit card, his social security card, a 1kg silver bar, batteries, Mr. Croft's hat, and a plastic storage container full of documents. *Id.*

## LAW AND ARGUMENT

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Unless an exception applies, a warrant is generally

---

[1] Several of the items were not specifically identified on the return and tabulation but were produced for counsel during a review of the seized evidence. Some items may have been contained within the "plastic storage container". *See* Return & Tabulation, Ex. B, ¶52.

2

required to permit law enforcement officers to search a place or seize an item. *United States v. McLevain,* 310 F.3d 434, 438 (6th Cir.2002).

One objective of the warrant requirement is "that those searches deemed necessary should be as limited as possible." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971), *holding modified by Horton v. California*, 496 U.S. 128 (1990).

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. U.S.*, 275 U.S. 192, 196 (1927).

When officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the Court must suppress the unlawfully seized items, but "there is certainly no requirement that lawfully seized evidence be suppressed as well." *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984).

I. **THE PLAIN VIEW EXCEPTION IS NOT APPLICABLE TO THIS CASE BECAUSE THE "INCRIMINATING NATURE" OF THE SEIZED ITEMS WAS NOT IMMEDIATELY APPARENT.**

While the warrant clearly authorized a search of the home, it did not authorize the seizure of many of the items taken. The "plain view" doctrine also does not authorize the seizure.

Four factors must be satisfied for the plain view doctrine to apply: (1) the object must be in plain view; (2) the officer must be legally present in the place from which the object can be plainly seen; (3) the object's incriminating nature must be

immediately apparent; and (4) the officer must have a right of access to the object. *U.S. v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007).

As to the "plain view" exception, the only question is whether the unlawfully seized items' "incriminating nature" was immediately apparent.

In *McLevain,* 310 F.3d at 441, the Sixth Circuit explained that in determining whether an object's incriminating nature is "immediately apparent," courts look to three factors, none of which is necessary but each of which is instructive: (1) "a nexus between the seized object and the items particularized in the search warrant"; (2) "whether the 'intrinsic nature' or appearance of the seized object gives probable cause to believe that it is associated with criminal activity"; and (3) whether "the executing officers can *at the time* of discovery of the object on the facts then available to them determine probable cause of the object's incriminating nature." *Id.*

"Although an officer need not be sure an item in plain view is contraband in order to seize it, 'when an item appears suspicious to an officer but further investigation is required to establish probable cause as to its association with criminal activity, the item is not immediately incriminating.'" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 555 (6th Cir. 2003) quoting *McLevain,* 310 F.3d at 443.

The officer must recognize the incriminating nature of an object as a result of his "immediate" or "instantaneous sensory perception." *U.S. v. Garcia*, 496 F.3d 495, 510–11 (6th Cir. 2007). *See also United States v. McLernon,* 746 F.2d 1098,

4

1125 (6th Cir.1984) (requiring that the officer's " 'immediate' sensory perception ... must produce probable cause of crime").

The warrant did not authorize seizing a paper "cipher", school photographs, correspondence, money, a silver bar, or Mr. Croft's hat. Nonetheless, the officers executing the warrant took each of these items.

Because the wrongfully seized items are normal everyday items that serve a myriad of lawful purposes, there was nothing about the "intrinsic nature" of the seized items' appearance that gave probable cause to believe they were associated with criminal activity. *McLevain,* 310 F.3d at 441. At the time that the officers observed the unlawfully seized items, while they may have "appear[ed] suspicious to [the] officer, . . . further investigation [was] required to establish probable cause as to its association with criminal activity". *Shamaeizadeh,* 338 F.3d at 555.

## CONCLUSION

Because the government did not seek authorization from a judicial officer to seize many of the items they took and because the "incriminating nature" of those items was not "readily apparent", the Court is bound to suppress the unlawfully seized items.

**WHEREFORE** the defendant, Barry Gordon Croft, Jr., respectfully requests this Court enter an order suppressing the unlawfully seized items, including the "paperwork" which included the alleged cipher and Mr. Croft's hat.

Dated: July 12, 2021 /s/ Joshua A. Blanchard
Joshua A. Blanchard
Attorney for Barry Gordon Croft, Jr.
BLANCHARD LAW
309 S. Lafayette St., Ste. 208
Greenville, MI 48838
616-773-2945
josh@blanchard.law

**CERTIFICATE OF COMPLIANCE WITH LCrR 47.2(b)(ii)**

Pursuant to LCrR 47.2(b)(ii) counsel states that this brief contains 1,137 words as calculated by Microsoft Word for Mac version 16.51.

Dated: July 12, 2021 /s/ Joshua A. Blanchard
Joshua A. Blanchard