UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      CASE NO. 1:20-CR-183

v.

                                        HON. ROBERT J. JONKER

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
KALEB JAMES FRANKS,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

       Defendants.

_____/

## ORDER REGARDING GOVERNMENT RESPONSE DEADLINES

The government moves for extension of the normal 14-day timeline for response to each of the twelve defense motions filed on July 11 or 12. The government asks for 45 days (to August 26, 2021). The moving defendant does not oppose the request with respect to **ECF Nos. 219 and 221** (both addressing a possible First Amendment instruction); **ECF No. 232** (severance of defendant Franks); **ECF No. 238** (identification of possible co-conspirator statements); and **ECF No. 241** (Rules 402 and 403 motion in limine regarding particular evidence). **Accordingly, the government motion is GRANTED with respect to these motions, and the government's response deadline for them will be August 26, 2021.**

With respect to **ECF Nos. 225 and 248-1** (both addressing requested discovery [beyond *Brady/Giglio*] of phone data from confidential human sources and special agents), the moving defendants oppose the government's extension request. **The Court finds good cause to grant the government an extension of approximately two weeks and sets a response deadline for**

**these motions of August 9.**  This gives the government sufficient time to address this matter.  It also gives the Court sufficient time to evaluate the issue and, if appropriate, grant discovery early enough in the process to maintain the existing trial schedule.  A staggered filing of responses to a dozen motions will also give both the government and the Court better opportunity to assess the merits of each motion in a deliberative fashion.  **The Court grants the defense motion, ECF No. 248, for leave to file an oversized brief (already attached as ECF No. 248-1) on the issue.**  The government's response may be similarly oversized.

**With respect to ECF No. 216** (for early designation of witnesses and exhibits); **ECF No. 230** (to change venue); **ECF No. 234** (to identify exculpatory evidence); and **ECF No. 245** (to suppress items seized during a warranted search); the moving defendants oppose the government's request, but the Court finds good cause to grant the requested extension.  **The government's responses to these motions will be due August 26, 2021.**

This leaves **ECF No. 228,** which asks the Court to order the parties to submit jointly a proposed supplemental juror questionnaire for possible use in addition to the Court's usual juror questionnaire.  **The Court GRANTS this motion** without waiting for any additional briefing, thus mooting the government's motion for an extended briefing deadline on this item.  The time and attention of the parties and the Court is better spent considering an actual set of proposed questions than debating whether it is a good idea in the abstract.  The Court may or may not ultimately use a supplemental questionnaire, but it is certainly worthy of thoughtful consideration by all parties and the Court in this case. And the best way to evaluate the idea is to look at an actual set of proposed questions.  As with any joint submission, the Court recognizes that the parties might not agree on all the items, in which case the joint submission should identify the items of agreement and disagreement.  In addition, it is possible one or more parties will oppose use of a supplemental

questionnaire entirely, which can also be addressed in the joint submission.  **The Court sets a deadline of August 26, 2021, for joint submission of a proposed questionnaire and any related written argument**.

     **IT IS SO ORDERED**.

Dated:    July 15, 2021                      /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE