UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

      Plaintiff,                                   Case No. 1:20-CR-183-02

v.                                                  HON. ROBERT J. JONKER

BARRY GORDON CROFT, JR.,

      Defendant.
_____/

## ORDER

Defendant, Barry Gordon Croft, Jr., moves to suppress several items seized during the execution of a search warrant at his residence. (ECF No. 245.) He does not argue that the warrant was invalid, only that the agents seized some items not covered by it. Just two items are actually at issue—a tricorn hat and a paper cipher—because the government is not planning to use the other items in its case. (ECF No. 302.) Because the hat and the cipher were within the scope of the search warrant, Croft's motion is denied.

The warrant authorized seizure of "[a]ll items and records, in whatever form they exist, that constitute evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. § 1201(c) [conspiracy to kidnap] . . . ." (ECF No. 246-1, PageID.1333.) It went on to state that this general authority to seize applied to seventeen specific categories, "including but not limited to" two of potential relevance to the motion: 1) "[t]actical gear, including but not limited to: body armor, fatigues, trail cameras, and handheld radios"; and 2) "[a]ny and all materials such as literature, paraphernalia, clothing, or membership in organizations, such as, but not limited to, the

'Bugaloo Boys'[1] and the 'Three Percenters.'" (*Id.* ¶¶ 7, 9). Federal agents executed the search warrant and seized many items, including the tricorn hat and cipher at issue. (ECF No. 246-2.)

The Fourth Amendment protects against unreasonable searches and seizures. "'[I]tems to be seized pursuant to a search warrant must be described with particularity to prevent the seizure of one thing under a warrant describing another in violation of the Fourth Amendment,' the purpose being 'to prevent general searches by requiring a neutral judicial officer to cabin the scope of the search to those areas and items for which there exists probable cause that a crime has been committed.'" *United States v. Evers*, 669 F.3d 645, 651 (6th Cir. 2012) (quoting *United States v. Richards*, 659 F.3d 527, 536-37 (6th Cir. 2011)). "[T]he degree of specificity in a warrant must be flexible, depending upon the type of items to be seized and the crime involved." *United States v. Blair*, 214 F.3d 690, 697 (6th Cir. 2000). "The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991). "Seizing items beyond the scope of a warrant's authorization violates the Fourth Amendment rights of the subject of the search." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 554 (6th Cir. 2003). "[W]here the officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the court must suppress the unlawfully seized items, but 'there is certainly no requirement that lawfully seized evidence be suppressed as well.'" *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007) (quoting *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984)).

Croft does not challenge the validity of the search warrant itself. Nor does he develop any meaningful argument that the warrant failed to satisfy the particularity requirement. Instead, Croft

---

[1] Also known as the "Boogaloo Boys." (ECF No. 302, PageID.1776.)

claims the tricorn hat and cipher were outside the scope of the seizure authorization and therefore subject to suppression.[2]  The Court disagrees.

The tricorn hat was "clothing" linked by Croft himself to the Three Percenters and the Boogaloo Boys.  The Delaware Boogaloo Boys flag depicts a person wearing a tricorn hat that resembles Croft's hat.  (ECF No. 302, PageID.1778.) Furthermore, Croft posted pictures on social media of himself wearing his hat while holding the flag.  (*Id.*)  Croft also posted a picture on social media of himself wearing the hat when he offered support to the Michigan Three Percenters. (*Id.*,PageID.1777.) Thus, the tricorn hat was reasonably seized under the warrant as clothing linked to both the Three Percenters and the Boogaloo Boys.

The cipher was also fairly within the scope of the seizure authorization.  The government says the cipher is a form of "tactical gear" covered by paragraph 9 of warrant.  That is fairly debatable in the Court's view.  But what is not debatable is that a cipher or code has for a very long time been a critical means for members of tight-knit groups to communicate privately and securely about their plans.  As the government notes, ciphers have been used for centuries and are a common form of communication in the military.  (ECF No. 302, PageID.1781-1782). By the time the search warrant was executed in October of 2020, the government knew from other surveillance that the alleged co-conspirators were intent on keeping their communications secret, and that their communications covered topics including paramilitary activities and a possible kidnapping. At least one of the communications the government had already seen included some elementary code, albeit not from this cipher. It was entirely reasonable to consider that a potential cipher or code would be part of "paraphernalia" associated with a group like Boogaloo Boys or

---

[2] To the extent Croft's motion addresses other items seized, the motion is moot because the government does not intend to use any of those items beyond the tricorn hat and cipher. *See United States v. Sims*, 603 F. App'x 479, 483 (6th Cir. 2015).

Three Percenters, as specified in paragraph 9 of the warrant. At a minimum, a code or cipher was reasonably seized as an instrumentality or evidence of a kidnapping conspiracy within the general seizure authority of the warrant. Indeed, as the government notes, it found other copies of the Croft cipher in possession of other alleged co-conspirators.

Accordingly, Croft's motion to suppress the tricorn hat and cipher (ECF No. 245) is denied.

**IT IS SO ORDERED.**


Dated:     September 9, 2021            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE