UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 1:20-cr-183

      vs.                                Hon. Robert J. Jonker
                                         Chief United States District Judge

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS,
KALEB JAMES FRANKS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.
_____/

## GOVERNMENT'S MOTION TO STRIKE PLEADING

The defendants' latest motion to compel is in all meaningful respects the same motion they filed—and this Court denied—last summer. They have provided no compelling reason to revisit what has become the law of the case.

FACTS

1.    On Sunday December 19, 2021, the defendants filed a motion to compel the government to pinpoint information helpful to the defense. (R. 372: Motion to Compel; R. 374: Corrected Motion to Compel.)

2.    In July 2021, defendant Harris filed the same motion, joined by Croft, Fox, and Franks. (R. 234: Motion to Compel Identification of Exculpatory Evidence; R. 235: Brief in Support; R. 250, 251, 252: Motions to Join.) The government responded to the motion on its merits. (R. 307: Gov't Response.)

3.      This Court denied the motion. (R. 310: Order.) In its written opinion, the Court observed "What the defense seeks is specification of particular items of exculpatory information—what the government fairly characterizes as "pinpoint" information—and the law does not require this." (*Id.*, PageID.1844-45.) This Court noted that none of the circumstances identified by the Sixth Circuit in *United States v. Warshak*, 631 F.3d 266, 297-98 (2010), were present, and said, "To be sure, there is voluminous discovery, but the defense remains in the best position to sort through that and find what it considers exculpatory in light of whatever theory of defense is ultimately advanced at trial." (*Id.*, at PageID.1845.)

4.      The defendants now recycle the same factual allegations, law, and arguments. Both open with a reference to the proverbial "needle in a haystack" (PageID.1289, 2455), characterize the discovery as a voluminous "dump" (PageID.1289, 2456), refer to the three remaining months as the "quickly approaching trial date" or "eve of trial" (PageID.1289-90, 2456), and cite *Warshak* and *United States v. Skilling*, 554 F.3d 529 (5th Cir. 2009) for the same propositions. (PageID.1291, 2459-60.)

## LAW AND ARGUMENT

Under the "law of the case" doctrine, "a decision on an issue at one stage of a case should be given effect in later stages of the same case." *United States v. Perez*, 178 F.3d 1297 (6th Cir. 1999) (quoting *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990)); *see also United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). The doctrine applies to "a court's own decisions" but is not a "rigid rule"; instead, it is a

"discretionary tool that courts use to promote efficiency." *United States v. Cunningham*, 679 F.3d 355, 376–77 (6th Cir. 2012) (citations omitted).

Thus, while a court is not precluded from revisiting a prior ruling, ordinarily it should not do so, and defendants have given no reason for the Court to depart from the ordinary rule here. *See, e.g., United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *4 (E.D. Tenn. July 9, 2014) (denying motions filed by defendants where court had denied prior motions seeking the same relief, and "no new arguments or case law had been raised[,]" stating, the "previous rulings on these issues have become the law of the case and defendants have raised no extraordinary circumstances which would warrant revisiting them") (citing *Todd*, 920 F.2d at 403).

The defendants have raised no extraordinary circumstances which would warrant revisiting the Court's order. To be sure, the discovery remains voluminous, but today is no more the "eve of trial" than late July was for the October trial date. For all the reasons stated in the government's original response, it remains ill advised for the prosecution to choose the defendants' evidence.

WHEREFORE, the government moves to strike the defendants' duplicative motion.

                                        Respectfully submitted,

                                        ANDREW BYERLY BIRGE
                                        United States Attorney

Dated: December 20, 2021           */s/ Nils R. Kessler*
                                        NILS R. KESSLER
                                        Assistant United States Attorney
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404
                                        *nils.kessler@usdoj.gov*