# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**
                    Plaintiff,          Case No. 1:20-cr-00183-RJJ

                                      Hon. Robert J. Jonker
                                      Chief United States District Judge

v.

**ADAM DEAN FOX,** and
**BARRY GORDON CROFT, JR.,**
                    Defendants.
_____/

## MOTION TO DISQUALIFY UNITED STATES ATTORNEY'S OFFICE

Barry Gordon Croft, Jr., by his attorney Joshua Blanchard, and Adam Dean Fox, by his attorney Christopher Gibbons, moves the Court to disqualify the United States Attorney's Office for the Western District of Michigan, including AUSAs Kessler and O'Connor.

### FACTS AND PROCEDURAL BACKGROUND

Mr. Croft and Mr. Fox were tried on the superseding indictment beginning on March 8, 2022. Order, ECF No. 622, PageID.6029. On April 8, 2022, the jury deadlocked and was discharged after five days of deliberation as to Mr. Croft and Fox. *Id.* The jury was able to reach a unanimous verdict acquitting co-defendants,

1

Mr. Caserta and Mr. Harris, on all charges. Judgment of Acquittal, ECF No. 612, 613.

At the time the superseding indictment was filed and at the time of the first trial, Mr. Birge was the United States Attorney for this district. Mark Totten was nominated by President Biden on November 12, 2021. His nomination was confirmed by voice vote of the Senate on April 27, 2022 and he took the oath of office on May 5, 2022. Press Release: Mark A. Totten Sworn In As United States Attorney, https://www.justice.gov/Usao-wdmi/pr/2022_0505_Totten (last visited July 7, 2022).

On May 9, 2022, the government filed a motion to adjourn sentencing for Kaleb Franks which listed Mr. Totten as the United States Attorney responsible for this prosecution. Mot. Adjourn, ECF No. 635, PageID.6950. Later that day, the government filed a motion to withdraw the prior motion listing Mr. Totten because Mr. "Totten has been recused from this matter and is not appearing on behalf of the United States." Mot. Withdraw, ECF No. 639, PageID.6955. This was the first (and only) indication defense counsel received that Mr. Totten was recused from the prosecution.

On May 9, undersigned counsel emailed the government's lawyers and asked for a copy of the recusal memorandum from Mr. Totten which is required by DOJ policy and a copy of the appointment letter from the Attorney General pursuant to 28 USC §515. The following day Mr. Kessler declined stating, "Sorry I can't oblige you" without further elaboration.

On May 10, 2022, undersigned counsel submitted a FOIA request to the Executive Office for United States Attorneys ("EOUSA") seeking a copy of the recusal memorandum and appointment letter. The FOIA request went unanswered for more than 20 days in violation of FOIA, so counsel has filed suit against the EOUSA. *See Blanchard v. Executive Office for United States Attorneys,* 1:22-cv-539-RJJ. That case remains pending and the government has continued to suppress the recusal memorandum and appointment letter.

## LAW AND ARGUMENT

### I. ALL EMPLOYEES OF THE UNITED STATES ATTORNEY'S OFFICE FOR THIS DISTRICT SHOULD BE DISQUALIFIED.

At the outset, Mr. Croft acknowledges that circumstances requiring disqualification of the entire United States Attorney's Office are rare. *Cope v. United States*, 272 F. App'x 445, 449 (6th Cir. 2008). However, it is also rare that the United States Attorney will have previously personally represented the alleged victim of a high-profile kidnapping conspiracy. It is further rare that, as here, it is unquestioned that the United States Attorney himself has determined that he must be recused from involvement in the prosecution.

#### a. Michigan ethics law governs the conduct of the government lawyers in this case.

The McDade-Murtha Amendment, 28 USC §530B provides that "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other

3

attorneys in that State." 28 U.S.C.A. § 530B. Therefore, the Michigan Rules of Professional Conduct and Michigan law controls. Additionally, each of the prosecutors in this case, Messrs. Totten, Kessler, O'Connor, Daniels, and Birge are members of the Michigan bar and subject to its rules of professional conduct.

### b. Michigan law provides that when a head prosecutor is disqualified, each subordinate prosecutor is disqualified.

"While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2." MRPC 1.10.

The disqualification of a prosecutor because of a conflict of interest can occur in situations where the prosecutor has a personal, financial, or emotional interest in the litigation or a personal relationship with the accused. *People v Herrick*, 216 Mich App 594, 599; 550 NW2d 541 (1996); *People v Doyle*, 159 Mich App 632, 641-642; 406 NW2d 893 (1987), *mod on other grounds (On Rehearing)* 161 Mich App 743; 411 NW2d 730 (1987).

In Michigan, the elected county prosecutor is akin to the United States Attorney because she is the top prosecutor with supervisory and policy-making authority for a judicial district. Under Michigan law, "[t]he general rule is that a conflict of interest involving the elected county prosecutor himself requires recusal of the prosecutor and the entire staff." *People v. Doyle*, 159 Mich. App. 632, 644, 406 N.W.2d 893, 899, *on reh'g*, 161 Mich. App. 743, 411 N.W.2d 730 (1987). This is because policies of fairness to the defendant and the avoidance of an appearance of impropriety require disqualification. *Id.* However, automatic disqualification isn't

4

required where the conflicted attorney doesn't have supervisory authority. *Id.* "If the . . . prosecuting attorney concerned in the conflict of interest has supervisory authority over other attorneys in the office, or has policy-making authority, then recusal of the entire office is likely to be necessary." *People v. Mayhew*, 236 Mich. App. 112, 127, 600 N.W.2d 370, 380 (1999) citing *Doyle,* 159 Mich App at 645; see, also, *In re Osborne,* 459 Mich. 360, 369, 589 N.W.2d 763 (1999).

One policy served by disqualification of a prosecutor for conflict of interest is the preservation of public confidence in the impartiality and integrity of the criminal legal system. *Doyle,* 159 Mich App at 644. American courts have consistently held that the appearance of impropriety is sufficient to justify disqualification of a prosecuting attorney. *Id.*

Because the government has refused to disclose the basis for Mr. Totten's recusal, Mr. Croft and the public have been denied the transparency expected in criminal prosecutions in our country. As such, Mr. Croft and the public are left to speculate. However, it is reasonable to assume the disqualification is based on conflict relating to Mr. Totten's longstanding professional relationship with the alleged victim. *See* Press Release, https://www.michigan.gov/whitmer/news/press-releases/2022/04/27/whitmer-and-gilchrist-statements-on-mark-totten-confirmation (last visited July 7, 2022) (statement from Gov. Whitmer noting that "Mark [Totten] has been on my team since day one.")

5

### c. DOJ Policy also calls for disqualification of the United States Attorney's Office.

28 U.S.C. §528 provides that "[t]he Attorney General shall promulgate rules and regulations which require the disqualification of any officer or employee of . . . a United States attorney or a member of such attorney's staff, from participation in a particular investigation or prosecution if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof."

While the government will not disclose the specific basis that resulted in Mr. Totten's recusal, DOJ policy provides that recusal is only permitted when there is either a conflict of interest or the appearance of a loss of impartiality. *See* JM §3-1.140 ("The requirement of recusal does not arise in every instance, but only where a conflict of interest exists or there is an appearance of a loss of impartiality.").

Presumably due to the supervisory authority of the U.S. Attorney over his own office, the policy further provides that when recusal of the U.S. Attorney is warranted, the EOUSA will "arrange for a transfer of responsibility to another office." *Id.* Inexplicably, no transfer occurred here, and the government variously claims it is prosecuting this case under authority conferred by the Attorney General on Donald Daniels (see ECF No. 639, PageID.6955) or maybe Andrew Birge (see ECF No. 642, PageID.7156) pursuant to 28 USC §515. However, the government refuses to even produce a copy of the §515 authorization.

## CONCLUSION

Because Mr. Totten has disqualified himself and both Michigan ethics law and DOJ policy require disqualification of his office, this Court should enter an

6

order prohibiting Messrs. Kessler, O'Connor, Birge, Daniels, and the balance of the United States Attorney's Office for this district be disqualified from further participation in this prosecution. Alternatively, the Court should hold an evidentiary hearing to develop the record regarding the basis for Mr. Totten's recusal.

Respectfully Submitted,

Dated: July 8, 2022            /s/ Joshua A. Blanchard
                               Joshua Blanchard
                               BLANCHARD LAW
                               Attorneys for Defendant Croft
                               309 S. Lafayette St., Ste. 208
                               Greenville, MI 48838
                               616-773-2945
                               josh@blanchard.law

Dated: July 8, 2022            /s/ Christopher Gibbons
                               Christopher Gibbons
                               Gibbons & Boer
                               2404 Eastern Ave SE
                               Grand Rapids, MI 49507
                               616-460-1587
                               cgibbons0003@gmail.com

**Certificate of Compliance with LCrR 47.2(b)(ii)**

I certify that this motion and brief contains 1,403 countable words as defined by LCrR 47.2(b)(i) and as calculated by Microsoft Word 16.55.

Dated: July 8, 2022                     /s/ Joshua A. Blanchard
                                        Joshua A. Blanchard