## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

**UNITED STATES OF AMERICA**
                         Plaintiff,                    Case No. 1:20-cr-00183-RJJ

                                                       Hon. Robert J. Jonker
                                                       Chief United States District Judge

v.



**BARRY GORDON CROFT, JR.,**
                         Defendant.
_____/

## RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE FACT
## OF ACQUITTALS FROM THE RETRIAL [ECF No. 658]

Barry Gordon Croft, Jr., through his attorney Joshua Blanchard, opposes the

government's request to conceal the fact of the acquittals from the jury.

### FACTS

Mr. Croft was tried on the superseding indictment beginning on March 8,

2022. Order, ECF No. 622, PageID.6029. On April 8, 2022, the jury deadlocked as to

Mr. Croft and was discharged after five days of deliberation. *Id.* The jury was able

to reach a unanimous verdict acquitting co-defendants, Mr. Caserta and Mr. Harris,

on all charges. Judgment of Acquittal, ECF No. 612, 613.

The government is retrying Mr. Croft on allegations that he conspired, among

others, with Harris and Caserta and that overt acts were undertaken by these

acquitted individuals. The government is expected to put on testimony from Ty

1

Garbin and Kaleb Franks who were convicted, by plea, of the conspiracy for which Mr. Croft is being retried. Mr. Harris and Mr. Caserta may also testify.

At the last trial, the government introduced evidence from the very beginning of trial relating to the prior criminal judgments against Garbin and Franks. *See* Reineck Tr. 6:17-19, ECF No. 646, PageID.7198 (first trial witness testifying that two defendants had pled guilty to the conspiracy charges). Now that two co-defendants have been acquitted, the government seeks to exclude the similar judgments which are unfavorable to the government's case. Motion, ECF No. 658, PageID.8062-8066.

## LAW AND ARGUMENT

The government cites to cases excluding evidence of acquittals of a defendant on unrelated charges and to use of acquittals in civil cases to support their claim that the Court should sanction hiding from the jury the fact of the acquittal of co-defendants who the government still argues supplied the majority of the overt acts.

### I.     EVIDENCE OF THE ACQUITTALS IS ADMISSIBLE TO ASSESS THE CREDIBILITY OF MR. HARRIS AND MR. CASERTA IF THEY TESTIFY OR IF THE GOVERNMENT INTRODUCES THEIR OUT OF COURT STATEMENTS.

In *United States v. Sanders,* the Sixth Circuit left open the door to admit acquittals of testifying co-defendants when it explained that "convictions and guilty pleas generally are not admissible for credibility purposes *if the co-conspirator or co-defendant does not testify*, and convictions and guilty pleas of co-conspirators or co-defendants other than the witness are not admissible to attack or bolster the

witness's credibility." *United States v. Sanders*, 95 F.3d 449, 454 (6th Cir. 1996) (emphasis added). The same logic should apply to acquittals of co-defendants.

Here, it is likely that one or both of the acquitted co-defendants will testify at trial. If the government is permitted to introduce evidence of Garbin and Franks' guilty pleas on the issue of witness credibility, "under a parallel treatment for guilty pleas and acquittals" (*Sanders*, 95 F.3d at 454), the Court should admit the acquittals so that the jury can assess the credibility of the testifying co-defendants in the same way that it permits consideration of the guilty pleas relating to Garbin and Franks.

Hiding the acquittals from the jury will leave them guessing what happened and why the charged co-defendants are testifying in a different manner than the others. For Franks and Garbin, there is expected to be much talk about their convictions, and they will appear in belly chains and leg irons. However, for Harris and Caserta, the jury will be left guessing at why these men are apparently free yet still charged in the superseding indictment. It will further add confusion when the jurors are sent to deliberate with a copy of the superseding indictment which alleges the acquitted co-defendants committed the majority of the overt acts.

The simplest solution is to permit evidence regarding the acquittals with an appropriate limiting instruction that the jury is to consider Mr. Croft and Mr. Fox independently of Harris and Caserta.

II.     **EVIDENCE OF THE ACQUITTALS IS RELEVANT TO ASSESSING THE GOVERNMENT CLAIMS THAT HARRIS AND CASERTA CONSPIRED WITH MR. CROFT.**

The government cites *United States v. De La Rosa*, 171 F.3d 215 (5th Cir. 1999) for the proposition that "evidence of a prior acquittal is inadmissible in a jury trial to determine guilt or innocence". Mot. ECF No. 658, PageID.8063. However, *De La Rosa,* stands – at most – for the proposition that a court *generally* does not abuse its discretion in excluding evidence of acquittal of a related charge. *De La Rosa,* 171 F.3d at 219.

In *De La Rosa,* the defendant was charged with conspiracy to influence a juror, aiding and abetting influencing a juror, and being an accessory after the fact. *Id.* at 217-218. The jury acquitted De La Rosa of the conspiracy count and hung on the remaining counts. *Id.*

At retrial, the government successfully sought to exclude evidence of the conspiracy. However, as noted by the Fifth Circuit, that the government did not even mention the acquitted conspiracy charge at the retrial. *Id.* at 218. The court also noted that the defendant there advanced no arguments relating to collateral estoppel. *Id.* at 220.

Here, unlike *De La Rosa,* it is expected that the government will introduce substantial evidence relating to the conspiracy charge for which the co-defendants were acquitted. For example, count 1 of the indictment references both acquitted co-defendants and 11 of the 19 overt acts allege conduct by the acquitted parties. If the government is permitted, over defendant's collateral estoppel objection, to relitigate

the issue of whether Mr. Harris and Mr. Caserta were conspirators, the defense should be able to introduce their acquittals.

### III.   THE FACT OF THE ACQUITTAL IS NOT BARRED BY THE HEARSAY RULE.

The government cites to a footnote from *McKinney* for the proposition that a jury verdict of acquittal is hearsay. Specifically, the government writes that an acquittal is "hearsay offered to show the truth of the matters alleged . . . deriving its probative value partially from the credibility and capacity of the absent asserter." Mot. ECF No. 658, PageID.8064.

However, *McKinney* only addresses the use of an acquittal in a subsequent civil trial and, as explained by the Court of Appeals for the District of Columbia, claims that an acquittal is hearsay "largely overlook the extent to which a judgment of acquittal may be admissible under the public record exception to the hearsay rule." *Williams v. United States*, 77 A.3d 425, 433 (D.C. 2013).

In addition to the public record exception at Fed. R. Evid. 803(8), the residual exception likely applies here because surely the Court's record of the acquittal is "supported by sufficient guarantees of trustworthiness" and it is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."

### CONCLUSION

Particularly given the high-profile nature of this case, it is likely impossible to effectively conceal the fact of the acquittals from the jury. The better approach is to allow the fact in front of the jury with an appropriate limiting instruction.

Respectfully Submitted,

Dated: July 20, 2022

/s/ Joshua A. Blanchard
Joshua Blanchard
BLANCHARD LAW
Attorneys for Defendant Croft
309 S. Lafayette St., Ste. 208
Greenville, MI 48838
616-773-2945
josh@blanchard.law

### Certificate of Compliance with LCrR 47.2(b)(ii)

I certify that this motion and brief contains 1,151 countable words as defined by LCrR 47.2(b)(i) and as calculated by Microsoft Word 16.55.

Dated: July 20, 2022

/s/ Joshua A. Blanchard
Joshua A. Blanchard