UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:20-cr-183

    v.                               Hon. Robert J. Jonker
                                        United States District Judge
ADAM DEAN FOX and
BARRY GORDON CROFT, JR.,

        Defendants.
_____/

**GOVERNMENT'S MEMORANDUM REGARDING PROPOSED
ENTRAPMENT INSTRUCTION (ECF #685)**

The government respectfully submits this memorandum of law in support of its request that this Court modify Sixth Circuit Pattern Instruction 6.03 to accurately reflect the law of entrapment. (R.685: Gov.'s Proposed Jury Instr., PageID.8678-79.)

The Sixth Circuit pattern jury instruction regarding entrapment does not adequately advise the jury on the first element of entrapment: government inducement. Specifically, the pattern instruction incorrectly charges the jury with assuming that the government induced or persuaded the Defendants to commit the offenses. The only charge to the jury is: "decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty." Pattern Instruction 6.03(6). This charge improperly assumes the government induced the defendant to commit the crimes and is tantamount to the Court instructing the jury that the Defendants were in fact induced or persuaded to commit the crimes with

which they are charged. The jury ultimately decides whether the Defendants were entrapped and therefore must decide whether both elements of entrapment exist.

The government's proposed jury instruction clarifies that there are two separate elements of entrapment: (1) government inducement of the crime, and (2) a defendant's lack of predisposition to engage in the criminal activity. *See United States v. Khalil,* 279 F.3d 358, 364 (6th Cir. 2002). Although the Sixth Circuit's pattern instruction describes inducement and provides some examples of investigative activity that does not constitute inducement, the instruction automatically shifts the burden to the government to prove, beyond a reasonable doubt, that the defendant was not already willing to commit the crimes that the instruction assumes were induced by the government.

### I. This Court is Empowered to Modify Pattern Criminal Instructions.

Sixth Circuit Pattern Criminal Instructions are not immutable. "This circuit's pattern criminal jury instructions provide guidance, but they do not represent the only instructions which can be used in this circuit." *United States v. Jones*, 1994 WL 108936, *4 (6th Cir. Mar. 30, 1994). The trial court is "vested with broad discretion in formulating its charge and will not be reversed unless the charge fails accurately to reflect the law." *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir. 1988), quoting *United States v. Pruitt*, 763 F.2d 1256, 1261 (11th Cir. 1985).

The Sixth Circuit has upheld modifications to its pattern jury instructions when a modification correctly captures the applicable law. *See, e.g., United States v. Brika,* 416 F.3d 514, 520-21 (6th Cir. 2005) (affirming a modified *Allen* charge);

2

*United States v. Balogun*, 463 F. App'x 476, 484 (6th Cir. 2012) (affirming a modified instruction regarding reasonable doubt)). "[D]eference to the pattern jury instructions partially depends on whether . . . case law supports the instruction in question."  *United States v. Frei*, 995 F.3d 561, 565 (6th Cir. 2021).

A conviction may be overturned "only if the instructions, viewed as a whole, were confusing, misleading, and prejudicial."  *United States v. Fisher*, 648 F.3d 442, 447 (6th Cir. 2011).

## II. Sixth Circuit Pattern Criminal Instruction 6.03 Incorrectly Charges the Jury to Assume Inducement and Decide Only Whether the Government Proved Predisposition Beyond a Reasonable Doubt.

Despite Supreme Court and Sixth Circuit case law referring to inducement and predisposition as "elements," the pattern instruction does not treat them as separate elements. The pattern instruction requires the jury to decide only whether the government has proven beyond a reasonable doubt that the Defendant was predisposed to commit the crime. In other words, the pattern instruction is faulty because it improperly instructs the jury to assume, without deciding, that there was in fact repeated and persistent solicitation or encouragement to commit the crime by a government agent.

*Summary of Entrapment Law*

"To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal."  *Sherman v. United States*, 356 U.S. 369, 372 (1958).  "A valid entrapment defense

3

requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity." *Khalil,* 279 F.3d at 364. "To warrant an entrapment instruction, the defendant must come forward with evidence that supports both elements." *United States v. Poulsen*, 655 F.3d 492, 502 (6th Cir. 2011). The Sixth Circuit "has consistently adhered to the view, first enunciated in *Sorrells v. United States,* 287 U.S. 435 (1932), that a valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Mathews v. United States,* 485 U.S. 58, 62-63 (1988).

At a minimum, inducement requires more than "merely afford[ing] an opportunity or facilities for the commission of the crime." *Mathews,* 485 U.S. at 66. Even if the government suggests the crime a defendant commits, to show entrapment, a defendant must also show some manner of pressure or persuasion by the government. *United States v. Sadiqullah*, No. 20-6194, 2021 U.S. App. LEXIS 21694, at *17 (6th Cir. July 20, 2021) ("Even if Smith first suggested a kidnapping, to show entrapment, Sadiqullah must also show some manner of pressure or persuasion by the government."). "To show inducement, a defendant must present evidence of 'repeated and persistent solicitation' by the government." *United States v. Dixon*, 396 F. App'x 183, 186 (6th Cir. 2010) (quoting *Sorrells v. United States*, 287 U.S. 435, 441 (1932)). "An inducement consists of an opportunity plus something else – typically, excessive pressure by the government upon the defendant or the government's taking

4

advantage of an alternative, non-criminal type of motive." *Dixon*, 396 F. App'x at 186 (cleaned up) (quoting *United States v. Gendron*, 18 F.3d 955, 961 (1st Cir. 1994)).

Predisposition "focuses upon whether the defendant was an 'unwary innocent' or instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews*, 485 U.S. at 63. Predisposition is evaluated, "by definition, [on] the defendant's state of mind before his initial exposure to government agents.'" *United States v. Khan*, No. 20-1179/1223, 2021 U.S. App. LEXIS 26750, at *12–13 (6th Cir. Sep. 3, 2021) (quoting *United States v. McLernon*, 746 F.2d 1098, 1112 (6th Cir. 1984) (cleaned up). When the defendant "already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment." *United States v. Lasuita*, 752 F.2d 249, 251 (6th Cir. 1985).

*Government's Proposed Modified Jury Instruction*

The Modern Jury Instruction submitted by the government is clearer on the interplay between the two elements of entrapment. First, it accurately describes both elements to an entrapment defense:

> [A] defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke with him.

Modern Federal Jury Instructions – Criminal, ¶8.07 (Matthew Bender 2022). The instruction next tells the jury that it must consider whether there is sufficient evidence that a government agent induced the defendant to commit the crime:

5

> Your inquiry on this issue should first be to determine whether there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there.

(*Id.*) Finally, if the jury finds that a government agent induced or persuaded the defendant to commit the crime, the jury should be charged with finding whether the government has proved the defendant's predisposition beyond a reasonable doubt:

> If, on the other hand, you find some evidence that a government agent initiated the criminal acts charged in the indictment, then you must decide whether the government has satisfied its burden to prove beyond a reasonable doubt that prior to first being approached by government agents, the defendant was ready and willing to commit the crime.

(*Id.*) This language tracks with the Sixth Circuit case law, which vests the jury with deciding both inducement and predisposition. *See, e.g.*, *United States v. Harris*, 9 F.3d 493, 498 (6th Cir. 1993) ("whether the government agent induced [the defendant] is a question best left for the jury").

    The government understands that the Court might prefer retaining most of the Sixth Circuit's pattern instruction on entrapment. Accordingly, the government has prepared a proposed modification to the Sixth Circuit's pattern instruction on entrapment using the clarifying language from the Modern Jury Instruction to fully and accurately charge the jury with finding both elements of entrapment if this Court determines that the Defendants are entitled to such an instruction. *See* Exhibit A.

WHEREFORE, the United States requests that this Court charge the jury using the proposed instruction attached hereto as Exhibit A if the Defendants present sufficient evidence of both inducement and lack of predisposition.

                                                        Respectfully submitted,

                                                        ANDREW BYERLY BIRGE
                                                        Attorney for the United States,
                                                        Acting under Authority Conferred by
                                                        28 U.S.C. § 515

                                                        /s/ *Christopher M. O'Connor*
Dated:   August 8, 2022                    NILS R. KESSLER
                                                        CHRISTOPHER M. O'CONNOR
                                                        Assistant United States Attorneys
                                                        P.O. Box 208
                                                        Grand Rapids, MI 49501-0208
                                                        (616) 456-2404
                                                        christopher.oconnor@usdoj.gov