UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**UNITED STATES OF AMERICA**
                Plaintiff,        Case No. 1:20-cr-00183-RJJ

                                          Hon. Robert J. Jonker
                                          United States District Judge

v.

**BARRY GORDON CROFT, JR.,**
                Defendant.

---

**BRIEF REGARDING POSSIBLE JUROR ISSUE**

Mr. Croft, by his counsel, Joshua Blanchard, submits this brief to further develop the record, apprise the court of the authority he believes is controlling, and propose a remedy to the pending juror issue.

**FACTS**

On June 11, 2022, the Court was informed of a report that a juror in this case told co-workers that the juror was hoping to be selected for jury duty in the Whitmer Kidnapping case. It was further reported that the juror stated that the juror had already decided the case and intended to ensure a particular result at the conclusion of the trial, apparently without regard to the evidence introduced. The timeline reported matches the timeline of jury selection in this case and the reporting party had apparent credible identifying information regarding the juror which lent credibility to the assertions.

1

Before trial started on June 11, 2022, the parties and the Court had a brief conversation in chambers regarding this issue. The Court stated its intention to proceed with trial, have the jury clerk investigate, and take up the matter at the end of the day. During the trial day, the Court investigated through its jury clerk. At the end of the trial day, the Court conducted another in-chambers conference where it explained its findings from the jury clerk's investigation, expressed an intention to handle the matter by meeting with the juror *in camera* and without counsel or defendants at the end of the trial proofs on June 12th. The Court denied counsel's request to be present and participate in this hearing.

## LAW AND ARGUMENT

### I.    MR. CROFT IS ENTITLED TO AN EVIDENTIARY HEARING REGARDING THE ALLEGED MISCONDUCT.

The Sixth Amendment guarantees a criminal defendant a trial by an impartial jury. *Morgan v. Illinois,* 504 U.S. 719, 726–27, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). That means a jury must base its verdict "upon the evidence developed at trial" and not other considerations. *Morgan*, 504 U.S. at 727. The presence of even a single biased juror deprives a defendant of his right to an impartial jury. *See Morgan,* 504 U.S. at 729.

"And if a trial court is presented with evidence of things like juror bias, it must hold a 'hearing with all interested parties permitted to participate.'" *United*

*States v. Bailey*, No. 19-2280, 2022 WL 2444930, at *8 (6th Cir. July 5, 2022) quoting *Remmer v. United States*, 347 U.S. 227, 230 (1954).

A prospective juror's failure to disclose material information is grounds for a new trial if it demonstrates bias. *McCoy v. Goldston,* 652 F.2d 654, 658–59 (6th Cir.1981).

When faced with an allegation of bias, then, the question becomes "did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Patton v. Yount,* 467 U.S. 1025 (1984). The standard for relief when a juror makes false statements is set out in *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548 (1984). There, the Court explained that to obtain a new trial, a party "must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause." *Id.* at 556.

The Supreme Court "has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982).

Somewhat analogously, the Supreme Court has explained that "[w]hen a trial court is presented with evidence that an extrinsic influence has reached the jury which has a reasonable potential for tainting that jury, due process requires that the trial court take steps to determine what the effect of such extraneous information actually was on that jury." *Nevers v. Killinger,* 169 F.3d 352, 373 (6th

Cir.1999), *overruled on other grounds by Harris v. Stovall,* 212 F.3d 940 (6th Cir.2000).

## II. MR. CROFT HAS A RIGHT TO BE PRESENT AT ANY HEARINGS.

Fed. R. Crim. P. 43 addresses a citizen's right to be present at his own criminal trial: "Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at . . . every trial stage, including jury impanelment . . . ." Fed. R. Crim. P. 43.

In *United States v. Gagnon,* 470 U.S. 522, an issue developed during trial regarding a juror observing Defendant Gagnon sketching jurors. *Id.* at 523. The judge stated that he would examine the juror in chambers. *Id.* No counsel objected to the plan. *Id.* The District Judge then went into chambers with the affected juror and summoned counsel for Defendant Gagnon only. *Id.* A transcript of the proceedings was made available to the counsel for co-defendants who were not present and none of them objected to the procedure. *Id.* at 524.

In addressing the Rule 43 claim, the Supreme Court assumed for purposes of the appeal that the *in camera* hearing was a "stage of the trial" under Rule 43. *Id.* at 527. It went on to explain that there was sufficient evidence that the defendants waived their presence at the hearing because the District Court announced its intention to hold the hearing and nobody objected before or after the hearing. The Court went on the explain that "[a] defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present." *Id.* at 528.

In *United States v. Bradshaw,* the First Circuit noted that "[c]onducting an

4

inquiry into a colorable question of jury taint is a delicate matter, and there is no pat procedure for such an inquiry." 281 F.3d 278, 290 (1st Cir. 2002). In *Bradshaw,* the District Court conducted an inquiry into an extraneous document which referenced severed counts that was sent to the jury room during deliberations. *Id.* at 286. When a "colorable claim of jury taint surfaces during jury deliberations, the trial court has a duty to investigate the allegation promptly." *Id.* at 289. The purpose of which is to 1) determine whether the taint-producing event actually occurred and 2) to assess the magnitude of the event and any resulting prejudice. *Id.*

## CONCLUSION

Because a credible claim regarding jury misconduct has been presented to the Court, it is obligated to conduct a hearing. Pursuant to Rule 43 and the Fifth and Sixth Amendments, Mr. Croft objects to any hearing being conducted in his absence.

Respectfully Submitted,

Dated: August 11, 2022	/s/ Joshua A. Blanchard
Joshua Blanchard
BLANCHARD LAW
Attorneys for Defendant Croft
309 S. Lafayette St., Ste. 208
Greenville, MI 48838
616-773-2945
josh@blanchard.law

5