UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**UNITED STATES OF AMERICA**
                Plaintiff,        Case No. 1:20-cr-00183-RJJ

                                            Hon. Robert J. Jonker
                                            Chief United States District Judge

v.


**BARRY GORDON CROFT, JR.,**
                Defendant.
_____/

**BRIEF REGARDING EVIDENTIARY ISSUE AND OFFER OF PROOF**

On June 10th, the Court took up an evidentiary matter regarding an audio recording which was referenced in but omitted from Government Exhibit 479. Following argument, the Court offered that it would consider further briefing or an offer of proof for record purposes. The Court has already excluded the recording, so Mr. Croft, by Counsel, submits this offer of proof regarding Ex. 479 and the following briefing regarding an upcoming issue relating to Exhibit 132.

      **I.**      **GOVERNMENT EXHIBIT 479**

The government has introduced an exhibit which is a compilation of Facebook records. *See* Gov't Ex. 479. This exhibit cherry picks a number of statements out of context while not including others. For example, the the following is part of exhibit 479 (the black box appears in the exhibit, the red box is supplied by counsel):

1



The portion of the exhibit outlined in black appears to be Mr. Fox responding to the voice message sent by Mr. Croft. On June 11th, Mr. Croft tendered as an exhibit the audio recording reflected within the red box above. The purpose of the exhibit was to show context for the response. It wasn't being offered for the truth of the matter. In fact, the audio clip is wholly nonsensical. In the clip to which Fox is responding, Mr. Croft can be heard saying:

> Yeah. Every man that's going to be at that meeting. The gathering. Umm Every one of us have different skill set that complement the other. Umm. Put together like Voltron, there's not going to be anything that's going to stop us. And the spirits can multiply. They can double portion up, flip up, quadruple up, seven times. All that shit yo. It's

2

> getting ready to be crazy yo. We're getting ready to get in the game and just start walking the fuck across the ceiling and shit.

If an out-of-court statement is not offered to prove the truth of the fact contained in the statement, it does not fall within the definition of hearsay. Fed. R. Evid. 801(c). Thus, where the statement's significance lies in the fact that it was made, rather than whether it is true, it is not hearsay. *United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996) (finding statement offered to show its effect on the listener not hearsay).

## II.   GOVERNMENT EXHIBIT 132.

It is anticipated that another evidentiary dispute is imminent. At the first trial, the government introduced Exhibit 132 which was an excerpt of an audio recording of a phone call between Mr. Croft and Big Dan on August 2, 2020. Chappel Tr. at 75:13-25, ECF No. 623, PageID.6104. The excerpt played by the government at the last trial outlined the call as follows:

| | |
|---|---|
| Croft: | We'll go wherever we have the ability to amass first. |
| CHS Dan: | Ok. |
| Croft: | You hear? |
| CHS Dan: | Yeah. |
| Croft: | I'm open. Listen, this is the last act of my life, Sir. |
| CHS Dan: | Right, go out swinging. |
| Croft: | Yes Sir. Give an ideal which will last the next hundred years; you'll survive longer in time that way than you would've in a fleshly form, Sir. |
| CHS Dan: | Right. |
| Croft: | We can be the pioneers; we can rewrite history in this day. You don't even have to mention me. It can just be that dude from Delaware. It's cool with me. |
| CHS Dan: | Right. |

3

>   Croft:  Everyone will know who it was anyway. It'll be that mother fucker with that hat and them tatts yo, rolling around making everybody laugh, getting ganked with up motherfuckers, doing his thing.

See Gov't Ex. 132T, attached as Exhibit A.

After playing this exhibit for the jury at the last trial, the government asked Big Dan what was meant by "wherever we can amass first" and Big Dan testified that it was "[p]ertaining to which governor we can take." Chappel Tr. at 76:9-14, ECF No. 623, PageID.6106. The implication was that an act of kidnapping a governor would be the last act of Mr. Croft's life.

However, at best Mr. Chappel's testimony was misleading. The Court should not permit such misleading testimony and also preclude Mr. Croft from impeaching Mr. Chappel regarding his testimony.

The truth is that Mr. Croft was clearly talking about starting a constitutional school. In the minutes leading up to the statement about "go[ing] wherever we have the ability to amass first", Mr. Croft stated that "[w]e get this school shit in order" and that he wouldn't permit students to "cuss[] and act[]a fool towards my teachers" because "[t]hey have rights, too, and I'll protect them with the paddle" noting that "[r]idicule works" as a form of punishment. He went on to explain that "any parent that wishes to participate isn't going to have a problem with this process" and that in his school "[b]ullying will not be permitted." He correctly notes that "[a] more informed child, [makes] a more respectful child." *See* August 2, 2020 Tr., attached as Exhibit A.

4

He also discusses at length how he could raise money for this school which he calls the "Fraternal Order of Constitutionalists" through monthly dues of $20 or lifetime memberships of $5,000 collected in monthly installments of $500. *Id.*

The government has clipped Mr. Croft's statement so narrowly that it appears as though he said something he didn't. It is further exacerbated by the government putting on testimony from Big Dan which is false. Mr. Croft seeks to admit the larger transcript attached hereto (or the entire call at the government's option) either under the Rule of Completeness, for context, or to impeach Big Dan's testimony regarding the meaning of Mr. Croft's statement and not for the truth of the matter.

Our circuit has observed, "the completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded." *Trepel v. Roadway Express Inc.,* 194 F.3d 708, 718 (6th Cir.1999). See *also United States v. Costner,* 684 F.2d 370, 373 (6th Cir.1982).

The general rule is that if one party to litigation puts in evidence part of a document, or a correspondence or a conversation, which is detrimental to the opposing party, the latter may introduce the balance of the document, correspondence or conversation in order to explain or rebut the adverse inferences which might arise from the incomplete character of the evidence introduced by his adversary. *United States v. Littwin*, 338 F.2d 141, 145 (6th Cir. 1964) citing *United States v. Corrigan*, 168 F.2d 641, 645, (2nd Cir. 1948). "But this rule is subject to the qualification that only the other parts of the document which are relevant and

5

throw light upon the parts already admitted become competent upon its introduction." *Id.*

In *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 638 (6th Cir. 2000) the Sixth Circuit found a district court's exclusion of an out of court statement as hearsay was erroneous when "the statements were offered to impeach [a witness'] trial testimony and not for the truth of the matter asserted . . . ." *Id.*

Here, if the government intends, as it has signaled it will, to introduce Exhibit 132 again, Mr. Croft should be able to admit his earlier statements which impeach Mr. Chappel's claim that Croft's statements about "go[ing] wherever we have the ability to amass first" and this being the "last act of [his] life" is about a kidnapping plot and not about starting a constitutional school.

To the extent that there is any concern that the jury will consider Mr. Croft's statements about a school as bearing on any other issue, the Court can fashion an appropriate limiting instruction.

## CONCLUSION

The Court has ruled regarding Exhibit 479 and counsel supplies this offer of proof to ensure a full record. Regarding Exhibit 132 which is anticipated to be admitted during the testimony of CHS Dan, counsel requests that Mr. Croft be permitted to introduce the audio reflected in the transcript attached as Exhibit A for the reasons outlined above.

6

                                                Respectfully Submitted,

Dated: August 11, 2022              /s/ Joshua A. Blanchard
                                                Joshua Blanchard
                                                BLANCHARD LAW
                                                Attorneys for Defendant Croft
                                                309 S. Lafayette St., Ste. 208
                                                Greenville, MI 48838
                                                616-773-2945
                                                josh@blanchard.law