UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARRY GORDON CROFT, JR.,

    Defendant.

_____/

CASE No. 1:20-CR-183

HON. ROBERT J. JONKER

## ORDER RE FILING OF VERDICT FORMS AND JURY NOTES

To preserve the public anonymity of Jurors who want that, the Court orders that the signed Jury Verdict Form and Juror Notes be filed on a restricted access basis, available only to counsel and the Court, and attached to this Order as Exhibit A. Attached as Exhibit B for public filings are the same Jury Verdict Forms and Juror Notes with the personal identifying information of the signing Juror redacted and substituted with only the Juror Number.

In an ongoing effort to preserve public anonymity for jurors who want that, the Court orders that counsel and the parties refrain from initiating contact, directly or indirectly, with any of the jurors (including alternates). The Court will provide each juror (including alternates) with contact information for each attorney of record and will instruct jurors that they are not prohibited from contacting counsel on their own, if they wish, but that they are not obligated to do so. The Court will also ask the jurors to alert the Court if, contrary to the Court's Order, any attorney or party attempts to initiate contact with them, directly or indirectly.  If the Court receives such information, the Court may follow up with a Show Cause Order and impose an appropriate sanction up to and

including a contempt citation, for any willful violation that the Court finds after an appropriate hearing.

The Court further orders that counsel and the parties publicly identify jurors (including alternates) by number only, and not by name or other potentially identifying personal information, unless and until a juror decides on his or her own to reveal his or her true identity publicly. If the Court learns of any counsel or party's premature public identification of a juror by anything other than juror number, the Court may follow up with a Show Cause Order, and impose an appropriate sanction, up to and including a contempt citation, for any willful violation that the court finds after an appropriate hearing.

Both Defendants Fox and Croft made Rule 29 motions at the close of the government's case and renewed the motions at the close of all proofs. The Court denied the motions. Rule 29(c) prescribes the timeline for any motion practice. Any post-verdict motions that seek to impeach the verdict or otherwise involve jurors, individually or as a group, shall be filed on restricted access, available only to the parties and the Court, pending further order of the Court.

**IT IS SO ORDERED.**

Dated:   August 23, 2022             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE