UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    No. 1:20-cr-183

vs.                                Hon. Robert J. Jonker
                                        United States District Judge

ADAM DEAN FOX, and
BARRY GORDON CROFT JR.,

        Defendants.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO FILE POST-TRIAL MOTIONS**

The government opposes defendant Croft's request for additional time to file post-trial motions. The defendant has not established good cause for extending the deadline, with which he complied after the previous trial.

FACTS

1.     On August 23, 2022, a jury in this District convicted defendants Fox and Croft of all counts charged against them in the Superseding Indictment. (R. 728: Minutes of Jury Trial, Day 11, PageID.9039.)

2.     On August 30, 2022, defendant Croft filed a motion for extension of time to file post-trial motions under Federal Rules of Criminal Procedure 29 and 33. (R. 736: Def's Mot., PageID.9066). In support, he says "additional time is needed to balance the press of other business with the demands of this case," and that he needs time to "dig out" after the conclusion of a lengthy trial. (*Id*, PageID.9067).

3.  Last spring, the parties tried the four original defendants over the course of a full month. (R. 622: Declaration of Mistrial, PageID.6029). After the jury deadlocked as to Fox and Croft, the Court reminded the defendants that Rule 29(c) prescribed the timeline for any further motion practice. (*Id*.) The defendants filed their Rule 29(c) motions ten days later, well within the 14-day window prescribed by the rule. (R. 629: Croft Motion for Acquittal, PageID.6907; R. 630: Fox Motion for Acquittal, PageID.6919.)

4.  The recently concluded retrial of the two remaining defendants took 11 days. In his request for an extension, Croft says "the issues presented by [his anticipated] motion are uncommon and require substantial research and briefing." (R. 736: Def's Mot., PageID.9067.) He also claims his "investigation has uncovered additional facts not known at the time of the prior briefing," but says "those facts will not be previewed here." (*Id*, PageID.9066.) He does not disclose them in a restricted access attachment, or explain his reasoning for failing to do so.

5.  Croft says his motion will be "[b]ased on jury issues which arose during trial," and that he needs more time because he "has ordered transcripts to support this motion, but the transcripts are not yet complete." (*Id*, PageID.9066-67.) The transcript pertinent to the jury issue Croft references has been available to counsel since August 26, 2022. (R. 734: Transcript, PageID.9049.)

LAW AND ARGUMENT

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days of the verdict or finding of guilty. Fed. R. Crim. P. 33(b). Rule 29 similarly provides that a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. Fed. R. Crim. P. 29(c)(1).

Both Rules 29 and 33 were amended in 2009 to lengthen the time for filing:

> Former Rules 29, 33, and 34 adopted 7-day periods for their respective motions. This period has been expanded to 14 days. Experience has proved that in many cases it is not possible to prepare a satisfactory motion in 7 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. This led to frequent requests for continuances, and the filing of bare bones motions that required later supplementation. The 14-day period—including intermediate Saturdays, Sundays, and legal holidays as provided by Rule 45(a)—sets a more realistic time for the filing of these motions.

Fed. R. Crim. P. 29, 33; Notes of Advisory Committee on 2009 Amendments.

Motions for new trial are disfavored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976). A court should in fact only grant a Rule 33 motion for new trial where a "manifest injustice" has been done such that an innocent person may have been convicted. *United States v. Genao*, 361 F. Supp. 2d 224, 226-27 (S.D.N.Y. 2005). A transcript is not required to consider such a motion, and the court may rely

on its memory and notes. *See, e.g. United States v. Miller*, No. 3:17-cr-00227, 2019 U.S. Dist. LEXIS 65025, at *2 (M.D. Tenn. Apr. 16, 2019).

The defendant has not shown good cause for an extension of time here. As discussed in the Advisory Committee notes to Rules 29 and 33, the time for filing has already been doubled from 7 to 14 days. Counsel's need to "dig out" after a trial is already factored into those extended deadlines, because they are by definition *always* filed at the conclusion of a trial. Croft demonstrated his ability to comply with the deadline last spring, when he filed a well-researched 12-page Rule 29(c) motion four days before the deadline, after significantly longer trial. (R. 629: Motion for Judgment of Acquittal, PageID.6907.)

Croft's assertion that his issues are uncommonly difficult to research and brief is conclusory. He also claims he discovered "additional facts" after the trial, but declines to identify them. The Court's order prohibits him from divulging sensitive jury information on the public docket, but nothing prohibits him from disclosing his supposedly extraordinary justification for an extension in a restricted access filing.

The fact that transcripts of the trial have not yet been prepared is also irrelevant: The "juror issue" Croft cites is the one part of the transcript that has already been prepared and provided to counsel. He has not identified any other issues where precise parsing of the trial testimony would be dispositive. If anything else had occurred during trial rising to the level of "manifest injustice," he should be able to point to it (and expect the Court to remember it) without a pinpoint citation.

4

Because the defendant has not established good cause to extend the presumptive 14-day deadline, his motion to extend time for filing should be denied.

Respectfully submitted,

ANDREW BYERLY BIRGE
Attorney for the United States,
Acting under Authority Conferred by
28 U.S.C. § 515

Dated:  September 1, 2022      */s/ Nils R. Kessler*
NILS R. KESSLER
CHRISTOPHER M. O'CONNOR
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-2404
(616) 456-2404
*nils.kessler@usdoj.gov*